■ NYCTL 1998-2 TRUST et al., Respondents, v OCEAN GATE ESTATE HOMEOWNERS ASSOCIATION, INC., Respondent, et al., Defendants. FULTON CAPITAL, SI, LLC, Intervenor-Appellant. [38 NYS3d 599]—

In an action to foreclose a tax lien, the intervenor Fulton Capital, SI, LLC, appeals from an order of the Supreme Court, Richmond County (Green, J.), dated June 27, 2014, which granted the motion of the defendant Ocean Gate Estate Homeowners Association, Inc., pursuant to CPLR 317 and 5015 (a) to vacate an order of reference of the same court (Maltese, J.), dated January 8, 2013, and a judgment of foreclosure and sale of the same court (Maltese, J.), dated July 2, 2013, entered upon its failure to appear or answer the complaint, and to set aside the foreclosure sale held pursuant thereto.

Ordered that the order dated June 27, 2014, is reversed, on the law, with costs, and the motion of the defendant Ocean Gate Estate Homeowners Association, Inc., pursuant to CPLR 317 and 5015 (a) to vacate the order of reference dated January 8, 2013, and the judgment of foreclosure and sale dated July 2, 2013, is denied.

The Supreme Court should have denied the motion of the defendant Ocean Gate Estate Homeowners Association, Inc. (hereinafter the defendant), pursuant to CPLR 317 and 5015 (a) to vacate an order of reference of the same court dated January 8, 2013, and a judgment of foreclosure and sale of the same court dated July 2, 2013, entered upon its failure to appear or answer the complaint, and to set aside the foreclosure sale held pursuant thereto. The defendant's mere denial of receipt of the summons and complaint was insufficient to rebut

the presumption of proper service created by the executed affidavit of service upon the Secretary of State (*see Drillman v Marsam Realty 13th Ave., LLC*, 129 AD3d 903, 903 [2015]; *Lange v Fox Run Homeowners Assn., Inc.*, 127 AD3d 823, 824 [2015]), and therefore, the defendant was not entitled to relief under CPLR 5015 (a) (4). Furthermore, the defendant failed to demonstrate a potentially meritorious defense in support of those branches of its motion which were to vacate its default pursuant to CPLR 317 and 5015 (a) (1) (*see PHH Mtge. Corp. v Muricy*, 135 AD3d 725, 727 [2016]; *see also Ameritek Constr. Corp. v Gas, Wash & Go*, 247 AD2d 418, 419-420 [1998]).

Contrary to the defendant's contention, the plaintiff's alleged failure to comply with CPLR 3215 (f) does not render the judgment a nullity (*see U.S. Bank N.A. v Tate*, 102 AD3d 859, 860 [2013]; *Araujo v Aviles*, 33 AD3d 830, 830 [2006]). Moreover, the plaintiff was not required to serve an additional copy of the summons and complaint pursuant to CPLR 3215 (g) (4) before obtaining a default judgment against the defendant, since this is an action affecting title to real property (*see NYCTL-1 Trust v Liberty Bay Realty Corp.*, 21 AD3d 1013, 1014 [2005]).

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.

Motion by the defendant Ocean Gate Estate Homeowners Association, Inc., inter alia, to dismiss an appeal from an order of the Supreme Court, Richmond County, dated June 27, 2014, on the ground that it has been rendered academic. By decision and order on motion of this Court dated April 14, 2015, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is denied. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.