Wells Fargo Bank, N.A. v Mauser (2020 NY Slip Op 00891)





Wells Fargo Bank, N.A. v Mauser


2020 NY Slip Op 00891


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2017-00978
 (Index No. 438/11)

[*1]Wells Fargo Bank, N.A., respondent,
v
Richard G. Mauser, appellant, et al., defendants.


Christopher Thompson, West Islip, NY (Shannon Cody McKinley of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Stuart L. Kossar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Richard G. Mauser appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 26, 2016. The order denied that defendant's motion to vacate an order of reference of the same court dated October 25, 2013, and a judgment of foreclosure and sale of the same court entered March 31, 2015, to set aside the subsequent foreclosure sale, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage. According to the affidavit of process server Paul J. Martinez, on January 25, 2011, a Tuesday, at 3:38 p.m., he served the summons and complaint upon the defendant Richard G. Mauser by affixing a copy of the summons and complaint to the door of Mauser's dwelling place, which was the mortgaged premises, after making three prior attempts to serve Mauser at that location and one prior attempt to serve him at the place of employment listed on Mauser's loan application. The three previous attempts to serve Mauser at his dwelling place were made at 12:28 p.m. on January 15, 2011, a Saturday, at 12:49 p.m. on January 17, 2011, a Monday and Martin Luther King, Jr., Day, and at 7:19 a.m. on January 19, 2011, a Wednesday. Martinez also averred that he spoke to a neighbor who confirmed that Mauser resided at the property. According to the affidavit of process server Andrelina Tineo, on February 1, 2011, she mailed another copy of the summons and complaint to Mauser's dwelling place.
None of the defendants answered the complaint, and the Supreme Court issued an order of reference dated October 25, 2013. A judgment of foreclosure and sale was entered on March 31, 2015, and the subject property was sold at auction on August 25, 2015. In February 2016, the purchaser of the subject property at the auction sale commenced a proceeding to recover possession of the property from Mauser. By order to show cause dated March 14, 2016, Mauser moved to vacate the order of reference and the judgment of foreclosure and sale, to set aside the foreclosure sale, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against [*2]him. The court denied the motion, and Mauser appeals.
Mauser contends that he was not properly served with process, and thus is entitled to the vacatur of the order of reference and the judgment of foreclosure and sale pursuant to CPLR 5015(a)(4), the setting aside of the foreclosure sale, and the dismissal of the complaint pursuant to CPLR 3211(a)(8). We disagree. The two affidavits of service, one of affixing, and one of mailing, demonstrated that Mauser was properly served pursuant to CPLR 308(4). Contrary to Mauser's contention, Martinez's affidavit of service demonstrates that Martinez exercised due diligence in attempting service pursuant to the methods set forth in CPLR 308(1) and (2) before resorting to service pursuant to CPLR 308(4) (see Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760). Further, as the affidavit submitted by Mauser in support of his motion failed to contain specific facts refuting the statements in the two affidavits of service, it was insufficient to rebut the presumption of proper service or to warrant a hearing (see Countrywide Home Loans, Inc. v Smith, 171 AD3d at 859; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988-989).
Mauser's remaining contentions are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court