Wells Fargo Bank, N.A. v Mone (2020 NY Slip Op 03688)





Wells Fargo Bank, N.A. v Mone


2020 NY Slip Op 03688


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-11051
 (Index No. 10461/12)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Vincent J. Mone, appellant, et al., defendants.


Paula Schwartz Frome, Garden City, NY, for appellant.
Sahn Ward Coschignano, PLLC, Uniondale, NY (Jon A. Ward and Andrew M. Roth of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for declaratory relief, the defendant Vincent J. Mone appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated August 16, 2016. The order granted the plaintiff's motion for leave to renew that branch of its prior motion which was for summary judgment declaring that the subject mortgage is a first priority lien on the subject property and that a copy of the mortgage may be recorded, which had been denied in an order of the same court dated March 19, 2015, and, upon renewal, in effect, vacated that portion of the order dated March 19, 2015, and thereupon granted that branch of the plaintiff's prior motion and, sua sponte, granted the plaintiff an order of reference appointing a referee to compute the amount due.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated August 16, 2016, as, sua sponte, granted the plaintiff an order of reference appointing a referee to compute the amount due is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated August 16, 2016, is reversed, on the law, with costs, the plaintiff's motion for leave to renew that branch of its prior motion which was for summary judgment declaring that the subject mortgage is a first priority lien on the subject property and that a copy of the mortgage may be recorded is denied, and so much of the order dated March 19, 2015, as denied that branch of the plaintiff's prior motion is reinstated.
On February 9, 2005, the defendant Vincent J. Mone (hereinafter the defendant) executed a note in favor of The New York Mortgage Co., LLC (hereinafter New York Mortgage), promising to repay a loan in the principal sum of $600,000. As security for the note, the defendant executed a mortgage encumbering certain real property in Jamesport. The mortgage was never recorded.
In March 2012, the plaintiff, Wells Fargo Bank, N.A., as trustee for Option One Mortgage Loan Trust 2005-2 Asset Backed Certificates, Series 2005-2, commenced this action against the defendant and others, seeking, inter alia, a judgment declaring that the mortgage is a first priority lien on the property, and that a copy of the mortgage may be recorded. The plaintiff alleged [*2]that the original mortgage was lost and that the defendant refused to re-execute the mortgage. Attached to the complaint was a copy of the note, the mortgage, and an allonge to the note endorsed by New York Mortgage to Option One Mortgage Corporation (hereinafter Option One), without recourse. The defendant answered the complaint and raised, inter alia, lack of standing as an affirmative defense.
The plaintiff subsequently moved, inter alia, for summary judgment declaring that the mortgage is a first priority lien on the property and that a copy of the mortgage may be recorded. In support of its motion, the plaintiff submitted, among other things, an affidavit of Kyle Lucas, a senior loan analyst at Ocwen Loan Servicing, LLC (hereinafter Ocwen), the servicer of the mortgage loan. Lucas averred, inter alia, based on his familiarity with Ocwen's business records, that Option One appointed the plaintiff as trustee "of certain trusts, including the [subject] mortgage," and that the whereabouts of the original mortgage remain unknown. The plaintiff also submitted a limited power of attorney dated September 25, 2013, appointing Ocwen as the "true and lawful attorney-in-fact" for the plaintiff, and an assignment of mortgage dated February 9, 2005, from New York Mortgage to Option One. The defendant opposed the motion. In an order dated March 19, 2015, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment declaring that the mortgage is a first priority lien on the property and that a copy of the mortgage may be recorded, finding that "the issue of standing cannot be determined as a matter of law on this record," and that "[the] plaintiff did not submit an affidavit from someone with personal knowledge providing factual details of a physical delivery of the note to plaintiff or assignment of the note and mortgage to plaintiff prior to the commencement of this action."
The plaintiff moved for leave to renew that branch of its prior motion. In support of the motion for renewal, the plaintiff submitted an affidavit of Kevin Flannigan, a senior loan analyst at Ocwen, who averred, based on his familiarity with Ocwen's business records, that "[the plaintiff] obtained physical possession of the subject Note on March 8, 2005." The defendant opposed the plaintiff's motion, arguing, among other things, that Flannigan's affidavit constituted inadmissible hearsay and that the plaintiff lacked standing. In an order dated August 16, 2016, the Supreme Court granted the plaintiff's motion for leave to renew and, upon renewal, granted that branch of the plaintiff's prior motion which was for summary judgment declaring that the mortgage is a first priority lien on the property and that a copy of the mortgage may be recorded, and, sua sponte, granted the plaintiff an order of reference appointing a referee to compute the amount due.
The defendant appeals, principally arguing that the plaintiff failed to meet its burden of establishing its entitlement to leave to renew inasmuch as the plaintiff did not set forth a reasonable justification for failing to submit the purported new fact contained in Flannigan's affidavit on the prior motion. Although this argument is raised for the first time on appeal, we reach the argument because it presents a question of law which appears on the face of the record and "which could not have been avoided if raised at the proper juncture" (Coscia v Jamal, 156 AD3d 861, 864 [internal quotation marks omitted]; see Bank of Am., N.A. v Sebrow, 180 AD3d 982; Rivera v Rochester Gen. Health Sys., 173 AD3d 1758, 1758-1759; Matter of Sagres 9, LLC v State of New York, 164 AD3d 903, 905; Shahid v City of New York, 144 AD3d 1127, 1129).
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Deutsche Bank Natl. Trust Co. v Wilkins, 97 AD3d 527, 528; Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932). " The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion'" (Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 982, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). " However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented'" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586). "A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Sobin v Tylutki, 59 AD3d 701, 702, quoting Renna v Gullo, 19 AD3d 472, 473 [*3][internal quotation marks omitted]).
Here, the plaintiff failed to demonstrate that the purported new fact contained in Flannigan's affidavit was not available to it at the time of the prior motion and otherwise failed to offer any excuse, let alone a reasonable justification, for failing to submit it on the prior motion (see CPLR 2221[e][3]). Contrary to the plaintiff's contention, the Supreme Court, by its determination of the prior motion, did not "invite[ ] a second motion." "[T]o accept this proposition would mean that any time the court found a motion for summary judgment to lack a prima facie foundation, the unsuccessful party could simply try again" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "As the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; see HSBC Bank USA, N.A. v Nemorin, 167 AD3d 855), the court should have denied the plaintiff's motion for leave to renew that branch of its prior motion which was for summary judgment declaring that the subject mortgage is a first priority lien on the subject property and that a copy of the mortgage may be recorded.
In any event, the purported new fact contained in Flannigan's affidavit was insufficient to establish the plaintiff's prima facie entitlement to summary judgment and would not have changed the prior determination (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). "Evidence as to the content of business records is admissible only where the records themselves are introduced; without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139). "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). Here, to the extent that Flannigan's purported knowledge of the date the plaintiff received the original note was based upon his review of unidentified business records maintained by Ocwen, his affidavit constituted inadmissible hearsay and lacked probative value (see Nationstar Mtge, LLC v Jean-Baptiste, 178 AD3d 883, 885; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 943; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209; cf. CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074). Furthermore, "[w]hile a witness may always testify as to matters within his or her personal knowledge through personal observation" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020), Flannigan did not claim to have any such personal knowledge. Contrary to the plaintiff's contention, the note itself did not establish its physical delivery on March 8, 2005, or on any other date prior to commencement of the action (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864; Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1155).
Finally, the Supreme Court should not have, sua sponte, granted the plaintiff an order of reference appointing a referee to compute the amount due (see USAA Fed. Sav. Bank v Calvin, 145 AD3d 704, 706). The plaintiff never requested such relief and, in any event, no evidence was presented by the plaintiff that the defendant has defaulted on the loan.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court