NYCTL 1998-2 Trust v Chinese Am. Trading Co., Inc. (2020 NY Slip Op 07903)





NYCTL 1998-2 Trust v Chinese Am. Trading Co., Inc.


2020 NY Slip Op 07903


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-00469
 (Index No. 506206/14)

[*1]NYCTL 1998-2 Trust, et al., plaintiffs, 
v
Chinese American Trading Co., Inc., et al., respondents, et al., defendants; Metropolitan NBD, LLC, nonparty-appellant.


Stern & Stern, Brooklyn, NY (David Lyle Stern of counsel), for nonparty-appellant.
Pitchayan & Associates, P.C., Jackson Heights, NY (Zara Watkins of counsel), for respondents.
Law Office of Thomas P. Malone, PLLC, New York, NY, for plaintiffs.



DECISION & ORDER
In an action to foreclose a tax lien, nonparty Metropolitan NBD, LLC, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated December 11, 2018. The order, in effect, granted those branches of the motion of the defendants Chinese American Trading Co., Inc., and Shri Attri which were to vacate a judgment of foreclosure and sale of the same court dated June 28, 2018, entered upon those defendants' failure to appear or answer the complaint, and to set aside a foreclosure sale, on the condition that the defendant Shri Attri "redeem[s] [and] pay[s] off [the subject] tax lien" within 20 days.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and those branches of the motion of the defendants Chinese American Trading Co., Inc., and Shri Attri which were to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale are denied.
The plaintiffs commenced this action to foreclose a tax lien. The defendant Chinese American Trading Co., Inc. (hereinafter CATC), the property owner, failed to appear or answer the complaint. The defendant Shri Attri, who holds a mortgage on the property, also failed to appear or answer the complaint.
The Supreme Court issued a judgment of foreclosure and sale dated June 28, 2018, upon the failure of CATC and Attri (hereinafter together the defendants) to appear or answer the complaint. Pursuant to the judgment of foreclosure and sale, a referee conducted a foreclosure sale of the property on October 25, 2018. Nonparty Metropolitan NBD, LLC (hereinafter Metropolitan), posted the highest bid, $4,850,000, and made a 10% down payment.
Subsequently, the defendants moved, inter alia, to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale. The Supreme Court, in effect, granted those branches of the motion on the condition that Attri "redeem[s] [and] pay[s] off [the subject] tax lien" within 20 days. Metropolitan appeals.
The defendants failed to establish grounds to vacate the judgment of foreclosure and sale or to set aside the foreclosure sale for failure to comply with notice requirements with respect to CATC. CPLR 2003 authorizes a court to set aside a judicial sale within one year "'for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect'" (Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281; see Guardian Loan Co. v Early, 47 NY2d 515, 520). Here, the defendants did not demonstrate that the plaintiffs failed to comply with any applicable notice requirements. CPLR 3215(g)(3)(i) provides, in pertinent part, that "[w]hen a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his [or her] place of residence." As CATC is a corporation, this paragraph of the statute is inapplicable to it. CPLR 3215(g)(4)(i) provides, in pertinent part, that when a default judgment is sought against a corporation that has been served by service upon the Secretary of State (see Business Corporation Law § 306[b]), the plaintiff must mail an additional copy of the summons and complaint to the corporation at its "last known address." However, that paragraph of the statute expressly provides that such requirement "shall not apply" in "actions affecting title to real property" (CPLR 3215[g][4][iii]), and this tax lien foreclosure action is an action affecting title to real property (see NYCTL 1998-2 Trust v Ocean Gate Estate Homeowners Assn., Inc., 143 AD3d 683, 684; NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d 1013, 1014). Thus, the plaintiffs were not required to serve upon CATC an additional copy of the summons and complaint prior to moving for leave to enter a default judgment against it (see CPLR 3215[g][4][i], [iii]). Consequently, the defendants were not entitled to have the foreclosure sale set aside for lack of notice to CATC pursuant to CPLR 3215(g)(4) (see Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1281; see also Wells Fargo Bank, N.A. v Mauser, 180 AD3d 732).
The defendants also failed to establish grounds to vacate the judgment of foreclosure and sale or to set aside the foreclosure sale for lack of proper service upon Attri. CPLR 2103(e) provides, in pertinent part, that "[e]ach paper served on any party shall be served on every other party who has appeared, except as otherwise may be provided by court order." However, Attri defaulted in appearing in the action. In addition, the order of reference and the judgment of foreclosure and sale contained no provision specifically directing service upon Attri. Thus, Attri was not a party entitled to notice of entry of the order of reference and the judgment of foreclosure and sale pursuant to CPLR 2103(e) (cf. Leader Fed. Bank for Sav. v Van Tienhoven, 262 AD2d 1078; Home Sav. Bank v Chiola, 203 AD2d 525). Consequently, the defendants failed to establish grounds to set aside the foreclosure sale based on lack of notice to Attri of the order of reference and the judgment of foreclosure and sale (see CPLR 5015[a][4]; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1281; see also Wells Fargo Bank, N.A. v Mauser, 180 AD3d 732).
In order to vacate a default pursuant to CPLR 5015(a)(1), a defendant must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (see Nationstar Mtge., LLC v Brignol, 181 AD3d 881; US Bank, N.A. v Samuel, 138 AD3d 1105). Here, the defendants failed to establish a reasonable excuse based on the purported lack of proper notice. Moreover, the defendants do not argue that they set forth a potentially meritorious defense to the action. Thus, the defendants failed to establish that their default should be vacated pursuant to CPLR 5015(a)(1) (see Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 999; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 765).
Although "[a] mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale" (Norwest Mtge., Inc. v Brown, 35 AD3d 682, 683; see Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d 878, 878), the "right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered" (Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d at 828; see Deutsche Bank Co. of Cal., N.A. v DePalo, 38 AD3d 490). Hence, here, the right of redemption was extinguished by the foreclosure sale, regardless of whether the deed was delivered (see Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d at 878). Furthermore, to the extent that the Supreme Court was empowered to grant discretionary relief [*2]notwithstanding the occurrence of the foreclosure sale, such relief was not warranted given, inter alia, the lengthy pendency of this action, and the fact that the defendants did not seek relief until after the foreclosure sale (see LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d 946, 947; Norwest Mtge., Inc. v Brown, 35 AD3d at 684).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court