Wilmington Sav. Fund Socy., FSB v Zabrowsky (2023 NY Slip Op 00348)

Wilmington Sav. Fund Socy., FSB v Zabrowsky

2023 NY Slip Op 00348

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2018-07226
2018-07227
2018-07229
 (Index No. 30693/16)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Eliezer Zabrowsky, et al., appellants, et al., defendants.

Solomon Zabrowsky, New York, NY, for appellants.
Adam Leitman Bailey, P.C., New York, NY (Jackie Halpern Weinstein of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Eliezer Zabrowsky and Goldie Zabrowsky appeal from (1) an order of the Supreme Court, Rockland County (Thomas E. Walsh, II, J.), dated March 20, 2017, (2) an order of the same court dated July 27, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court dated May 10, 2018. The order dated March 20, 2017, insofar as appealed from, denied the cross motion of those defendants, in effect, pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint, and pursuant to CPLR 3012(d) for leave to serve and file a late answer. The order dated July 27, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference. The order and judgment of foreclosure and sale granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed a referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders dated March 20, 2017, and July 27, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated March 20, 2017, and July 27, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In March 2016, the plaintiff commenced this action to foreclose a mortgage encumbering residential real property owned by the defendants Eliezer Zabrowsky and Goldie [*2]Zabrowsky (hereinafter together the defendants). The defendants did not serve or file an answer, and the plaintiff moved, inter alia, for an order of reference upon their default. The defendants opposed the motion and cross-moved, in effect, pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint, and pursuant to CPLR 3012(d) for leave to serve and file a late answer. In an order dated March 20, 2017, the Supreme Court, among other things, denied the defendants' cross motion. The court found that the defendants failed to proffer a reasonable excuse for the delay in seeking to file an answer, and it did not reach the jurisdictional issue. Thereafter, the plaintiff again moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. In an order dated July 27, 2017, the court granted those branches of the plaintiff's motion. The plaintiff subsequently moved for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated May 10, 2018, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
Generally, a defendant seeking to vacate a default in answering and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense (see id.; Windward Bora, LLC v Lodico, 206 AD3d 1038, 1039; Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566). However, where, as here, a defendant seeking to vacate a default raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to first resolve the jurisdictional question before considering whether it is appropriate to grant discretionary relief (see Rattner v Fessler, 202 AD3d 1011, 1015; U.S. Bank N.A. v Giraldo, 192 AD3d 720, 721). Here, the Supreme Court erred in denying the defendants' cross motion, in effect, pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint, and pursuant to CPLR 3012(d) for leave to serve and file a late answer on the ground that the defendants had not offered a reasonable excuse for their delay in moving to serve a late answer, without first resolving the jurisdictional issue that was raised. However, since the parties litigated the merits of that issue before the court and fully briefed the issue of jurisdiction to this Court, we consider the merits of the issue in the interest of judicial economy, rather than remitting the matter to the Supreme Court for it to do so (see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1171; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1233).
"Service of process must be made in strict compliance with the statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (Estate of Waterman v Jones, 46 AD3d 63, 65, quoting Macchia v Russo, 67 NY2d 592, 594; see Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1504-1505). Here, the plaintiff purportedly served the defendants by the "affix and mail" method pursuant to CPLR 308(4). Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) cannot be made with "due diligence" (id. § 308[4]; see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d 988, 990; Coley v Gonzalez, 170 AD3d 1107, 1108). "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality" (McSorley v Spear, 50 AD3d 652, 653; see Barnes v City of New York, 51 NY2d 906, 907; Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 990).
Ordinarily, a process server's sworn affidavit of service attesting to the proper delivery of a summons to a defendant constitutes prima facie evidence of service in the manner described (see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). A defendant moving to vacate a default pursuant to CPLR 5015(a)(4) must overcome the presumption raised by such an affidavit of service (see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989; Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040). A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service (see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776-777). If the presumption is rebutted, a hearing is necessary, at which the plaintiff must establish jurisdiction by a preponderance of the evidence (see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 990; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777).
Here, the affidavits of service contained sworn allegations reciting that the process [*3]server served both defendants with the summons and complaint, along with the RPAPL 1303 notice, at their residence at 3:36 p.m. on March 16, 2016, by affixing a true copy of each to the door of the premises. The process server averred that he had been unable with due diligence to find the defendants or a person of suitable age and discretion at the home, having called there on five prior occasions, which he detailed, and which were on different days of the week at varied times of the day. The process server further averred that he also mailed a copy by first class mail to each defendant at their residence on March 17, 2016.
In support of their cross motion, the defendants did not deny having received the documents affixed to their door or mailed to their home. Instead, they asserted that the process server did not attempt with "due diligence" to effect personal service pursuant to CPLR 308(1) and (2) before resorting to the "affix and mail" method. The defendants relied upon the affirmation of Goldie Zabrowsky (hereinafter Zabrowsky). Zabrowsky stated generally that she was home when the process server purported to attempt service, because the purported attempts were made in the weeks leading up to a particular holiday, for which she would have been home preparing. She did not, however, address the specific dates and times that the process server averred to have attempted service, but rather stated generally that it was inconceivable that she would not have been home and answered the door on at least one of the dates identified in the affidavit. Contrary to the defendants' contention, these general assertions, did not constitute a "detailed and specific contradiction of the allegations in the process server's affidavit" (Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989), sufficient to rebut the presumption of proper service upon them, and, therefore, no evidentiary hearing on the issue was warranted (see Rattner v Fessler, 202 AD3d at 1016; U.S. Bank N.A. v Itshak, 189 AD3d 919, 920-921; Wells Fargo Bank, N.A. v Mauser, 180 AD3d 732, 733-734; Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859-860).
The defendants' remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court