Bank of N.Y. Mellon Trust Co., N.A. v Iaboni (2024 NY Slip Op 04446)

Bank of N.Y. Mellon Trust Co., N.A. v Iaboni

2024 NY Slip Op 04446

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-00202
 (Index No. 7916/07)

[*1]Bank of New York Mellon Trust Company, National Association, etc., respondent, 
v
Celinda Iaboni, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Stradley Ronon Stevens & Young, LLP, New York, NY (Catherine Gran of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Celinda Iaboni and Peter Iaboni, also known as Peter C. Iaboni, appeal from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated June 14, 2022. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court (Denise F. Molia, J.) entered June 29, 2016, upon those defendants' default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2007, the plaintiff commenced this action against the defendants Celinda Iaboni and Peter Iaboni, also known as Peter C. Iaboni (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Hauppauge. Although allegedly served pursuant to CPLR 308(4), the defendants failed to appear or answer the complaint. In an order dated August 8, 2007, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against the defendants and for an order of reference. On June 29, 2016, the court entered a judgment of foreclosure and sale upon the defendants' default in appearing or answering the complaint.
In June 2019, the defendants moved, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiff opposed the motion. By order dated June 14, 2022, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
"Service of process must be made in strict compliance with statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (Estate of Waterman v Jones, 46 AD3d 63, 65, quoting Macchia v Russo, 67 NY2d 592, 594; see Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1504-1505). Here, the plaintiff purportedly served the defendants by [*2]the "affix[ ] and mail[ ]" method pursuant to CPLR 308(4). Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) "cannot be made with due diligence" (id. § 308[4]; see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d 988, 990; Coley v Gonzalez, 170 AD3d 1107, 1108). "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality" (McSorley v Spear, 50 AD3d 652, 653; see Barnes v City of New York, 51 NY2d 906, 907; Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 990).
"Ordinarily, a process server's sworn affidavit of service attesting to the proper delivery of a summons to a defendant constitutes prima facie evidence of service in the manner described" (Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866, 869; see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). A defendant moving to vacate a default pursuant to CPLR 5015(a)(4) must overcome the presumption raised by such an affidavit of service (see Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989; Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776-777). "If the presumption is rebutted, a hearing is necessary, at which the plaintiff must establish jurisdiction by a preponderance of the evidence" (Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 990; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777).
Here, in an affidavit of service, a process server stated that the defendants were served with the summons and complaint, along with a RPAPL 1303 notice, by affixing a true copy of each to the door of the premises, the same being the defendants' dwelling place. The process server averred that he previously attempted to serve the defendants on two prior occasions and that he also mailed a copy of the summons and complaint by first-class mail to each defendant at the premises on March 15, 2007. In support of their motion, inter alia, to vacate their default, the defendants' general and speculative assertions, inter alia, that someone "would have been home" at the times of the service attempts more than 12 years prior and that they "would have answered the door" did not constitute a "detailed and specific contradiction of the allegations in the process server's affidavit" (Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d at 989) sufficient to defeat the presumption of proper service upon them, and, therefore, no evidentiary hearing on the issue was warranted (see Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d at 870; Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859-860).
The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale entered upon their default in appearing or answering the complaint. The defendants' contentions amount to allegations of intrinsic fraud, which require a defendant to establish a reasonable excuse for the default and a potentially meritorious defense to the action (see Bank of Am., N.A. v Anderson, 216 AD3d 890, 891; CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). Since the defendants failed to establish a reasonable excuse for their default, it was unnecessary to consider whether they presented a potentially meritorious defense to the action, including their contentions with respect to the plaintiff's standing.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court