Nationstar Mtge., LLC v Douge (2025 NY Slip Op 04727)

Nationstar Mtge., LLC v Douge

2025 NY Slip Op 04727

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00648
 (Index No. 607486/20)

[*1]Nationstar Mortgage, LLC, etc., appellant,
v
Barbara J. Douge, etc., et al., defendants.

Gross Polowy, LLC, Williamsville, NY (Steven Rosenfeld of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property and for a judgment declaring that the plaintiff is the assignee of record of a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated September 27, 2023. The order, insofar as appealed from, denied the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
In 2001, Evelyn Douge allegedly executed and delivered a mortgage securing the subject premises to the defendant Concord Mortgage Corp. (hereinafter Concord). Evelyn Douge allegedly transferred ownership of the premises to the defendant Barbara J. Douge, and the mortgage allegedly was assigned to the plaintiff from Concord. That assignment allegedly was never recorded, and Concord ceased doing business in December 2007, with no successor. In June 2020, the plaintiff commenced this action against Concord and Barbara J. Douge, individually and as the administrator of the estate of Evelyn Douge, pursuant to RPAPL article 15 to quiet title to real property and for a judgment declaring that the plaintiff is the assignee of record of the mortgage. In July 2023, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendants. In an order dated September 27, 2023, the Supreme Court, among other things, denied the plaintiff's unopposed motion on the ground that it failed to provide proof of additional mailing as required by CPLR 3215(g)(4). The plaintiff appeals.
A plaintiff seeking leave to enter a default judgment pursuant to CPLR 3215 must submit proof of: (1) service of a copy of the summons and complaint, (2) the facts constituting the claim, and (3) the defendant's default in answering or appearing (see id. § 3215[f]; Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877, 877). Pursuant to CPLR 3215(g)(4)(i), when a default judgment based on non appearance is sought against a defendant corporation that has been served pursuant to Business Corporation Law § 306(b), the plaintiff is required to submit proof of mailing of an additional copy of the summons to the corporation at its last known business address (see CPLR 3215[g][4][i]; Business Corporation Law § 306[b]; NYCTL 1998-2 Trust v Chinese Am. Trading Co., Inc., 189 AD3d 1437, 1438). However, the additional notice requirement does not [*2]apply to "actions affecting title to real property" (CPLR 3215[g][4][iii]; see NYCTL 1998-2 Trust v Chinese Am. Trading Co., Inc., 189 AD3d at 1438-1439).
Here, the plaintiff was not required to demonstrate its compliance with the additional notice requirement of CPLR 3215(g)(4) with regard to service on Concord since this is an action "affecting title to real property" (id. § 3215[g][4][iii]; see NYCTL 1998-2 Trust v Chinese Am. Trading Co., Inc., 189 AD3d at 1438-1439). Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.
Since this is an action, in part, for a declaratory judgment, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is the assignee of record of the mortgage.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court