U.S. Bank N.A. v Plunkett (2025 NY Slip Op 04808)

U.S. Bank N.A. v Plunkett

2025 NY Slip Op 04808

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-10490
 (Index No. 9271/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Linnett Plunkett, appellant.

Vivia L. Joseph Law Group, P.C., Cambria Heights, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Evan N. Soyer of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 5, 2022. The order, insofar as appealed from, denied those branches of the defendant's motion which were for leave to renew (1) her prior motion to vacate a judgment of foreclosure and sale of the same court (Thomas A. Adams, J.) dated February 23, 2015, entered upon her failure to answer the complaint, which had been denied in an order of the same court (Thomas A. Adams, J.) dated December 14, 2018, (2) her prior motion to stay the foreclosure sale of the subject property, which had been denied in an order of the same court (Thomas A. Adams, J.) dated January 25, 2019, and (3) her separate prior motion to stay the foreclosure sale of the subject property, which had been denied in an order of the same court (Thomas A. Adams, J.) dated March 6, 2020, and pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale.
ORDERED that the order entered October 5, 2022, is affirmed insofar as appealed from, with costs.
In May 2009, the plaintiff commenced this action to foreclose a mortgage on certain residential property located in Elmont. The defendant was served with the summons and complaint pursuant to CPLR 308(4) and thereafter appeared by counsel who filed a notice of appearance that contained a demand for service of the complaint. The defendant never interposed an answer or made a pre-answer motion to dismiss. On February 23, 2015, the Supreme Court issued a judgment of foreclosure and sale. The defendant subsequently moved, pro se, to vacate the judgment of foreclosure sale, to stay the foreclosure sale of the property, and, separately, to stay the foreclosure sale of the property. The court denied the motions. In January 2020, the property was sold at a foreclosure sale.
In March 2021, the defendant moved, inter alia, for leave to renew her prior motions to vacate the judgment of foreclosure and sale and to stay the foreclosure sale, and pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale, arguing, among other things, that the Supreme Court lacked personal jurisdiction over her because she was not properly served with the summons and complaint. In an order entered October 5, 2022, the court, inter alia, denied those branches of the defendant's motion. The defendant appeals.
"Service of process must be made in strict compliance with statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (Estate of Waterman v Jones, 46 AD3d 63, 65, quoting Macchia v Russo, 67 NY2d 592, 594). Here, the plaintiff served the defendant pursuant to CPLR 308(4). Service pursuant to CPLR 308(4) may be resorted to only where personal service pursuant to CPLR 308(1) and (2) "cannot be made with due diligence" (id. § 308[4]; see Ramirez v Escobar, 228 AD3d 791, 792). "'The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received'" (Niebling v Pioreck, 222 AD3d 873, 875, quoting Prego v Bartkowski, 216 AD3d 679, 681; see Bank of Am., N.A. v Fischer, 220 AD3d 722, 724). "'What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality'" (Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866, 869, quoting McSorley v Spear, 50 AD3d 652, 653; see Coley v Gonzalez, 170 AD3d 1107, 1108).
"Ordinarily, a process server's sworn affidavit of service attesting to the proper delivery of a summons to a defendant constitutes prima facie evidence of service in the manner described" (Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d 988, 989). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d at 869; see MTGLQ Invs., L.P. v Mayers, 209 AD3d 1009, 1101).
Here, a process server stated in an affidavit that he had attempted to serve the defendant at the property on two occasions at different times outside of normal working hours and that he spoke with a neighbor of the defendant regarding her whereabouts before ultimately resorting to affix-and-mail service. The process server also stated that he mailed the summons and complaint to the defendant by first-class mail. In an affidavit, the defendant generally stated that she had not seen any documents on her door and that she never received the complaint. She did not address the specific dates and times that the process server alleged to have attempted personal service. Thus, contrary to the defendant's contention, her assertions were insufficient to rebut the presumption of proper service pursuant to CPLR 308(4) (see Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d at 870; Wells Fargo Bank N.A. v Mauser, 180 AD3d 732, 733-734; Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859-860). Accordingly, the Supreme Court properly denied vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(4).
The Supreme Court also properly denied that branch of the defendant's motion which was for leave to renew her prior motions to vacate the judgment of foreclosure and sale and to stay the foreclosure sale. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (id. § 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "'The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion'" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747 [internal quotation marks omitted], quoting Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 982; see U.S. Bank, N.A. v Laulicht, 176 AD3d 892, 893-894). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Makropoulos v City of New York, 187 AD3d 885, 888; see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629). Here, the defendant failed to establish that the purported new facts that she proffered were not available when she made her prior motions to vacate the judgment of foreclosure and sale and to stay the foreclosure sale (see Wells Fargo Bank, N.A. v Mone, 185 AD3d at 629; U.S. Bank, N.A. v Laulicht, 176 AD3d at 894).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court