■ GREEN POINT SAVINGS BANK, Respondent, v DEWEY DOCKERY et al., Defendants, and GERALD NELSON, Appellant.

[656 NYS2d 929] —In an action to foreclose a mortgage upon real property, the defendant Gerald Nelson appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated November 18, 1994, as, in effect, (a) denied his motion for reinstatement into his apartment, and (b) upon granting reargument of his prior motion to vacate the judgment of foreclosure, adhered to an order of the same court dated August 8, 1994, denying that motion; (2) from an order of the same court, dated December 12, 1994, which denied his motion denominated as one, *inter alia,* for renewal and reargument but which was, in effect, one for reargument of his prior motion to vacate the judgment of foreclosure and for reinstatement to his apartment; and (3) from an order of the same court dated March 20, 1995, which denied his second renewed motion for the same relief.

Ordered that so much of the order of November 18, 1994, as denied the defendant's application for reinstatement to possession of the apartment is affirmed, without costs or disbursements, for reasons stated by Justice Shaw; and it is further,

Ordered that so much of the order dated November 18, 1994, as, upon reargument of his prior motion to vacate the judgment of foreclosure, adhered to the order dated August 8, 1994, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeals from the orders dated December 12, 1994, and March 20, 1995, are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see, Lynch v Board of Educ.,* 225 AD2d 741).

So much of the order dated November 18, 1994, as upon reargument adhered to the original determination made in the order dated August 8, 1994, must be affirmed, since an appeal from the August 8, 1994, order was dismissed by decision and order on motion dated July 7, 1995, for want of prosecution. The dismissal of the appeal from the August 8, 1994, order bars relitigation of issues that could have been presented on that appeal (*see, Bray v Cox,* 38 NY2d 350; *Matter of Smith v McManus & Sons,* 101 AD2d 890).

Although the appellant characterized his motions for reconsideration as ones, *inter alia,* for renewal and reargument, they were not based on new facts which were unavailable at the time the original motion was made and, thus, they were actually motions for reargument, the denial of which is not appealable (*see, Paulus v Kuchler,* 214 AD2d 608; *Huttner v McDaid,* 151 AD2d 547). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.