■ JEROME McSORLEY, Respondent, v KAY L. SPEAR, Appellant. [854 NYS2d 759]—

In an action to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 10, 2007, which denied her motion, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint is granted.

According to his affidavit of service, the process server attempted to personally deliver the summons and verified complaint to the defendant at her home on Friday, January 12, 2007, at 7:52 A.M., on Monday, January 15, 2007, at 6:55 P.M., and on Tuesday, January 16, 2007, at 11:45 A.M. After all three attempts proved unsuccessful, the process server affixed a copy of the summons and verified complaint to the defendant's door and thereafter mailed a copy to her residence (*see* CPLR 308 [4]). The defendant moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, arguing that the process server did not exercise due diligence in attempting to serve her by personal delivery before resorting to service under CPLR 308 (4), so-called "nail and mail" service. Specifically, citing the affidavit of service, the defendant argued that the process server never attempted to learn her place of business and serve her there before resorting to service under CPLR 308 (4). The defendant admitted, however, that her business, the boarding of horses, was located on the same plot of land on which her home was located and two adjoining plots of land. The Supreme Court denied the defendant's motion to dismiss. We reverse.

Under the Civil Practice Law and Rules, the preferred methods of personal service on an individual are by delivering the summons to the defendant (*see* CPLR 308 [1]), or by delivering the summons to a person of suitable age and discretion and mailing another copy of the summons to the defendant's last known residence or actual place of business (*see* CPLR 308 [2]). If service cannot be effected by those methods "with due diligence," CPLR 308 (4) permits so-called "nail and mail" service, which entails affixing the summons to the door of the defendant's "actual place of business, dwelling place or usual place of abode," and by mailing the summons either to the defendant's last known residence or actual place of business (CPLR 308 [4]). This Court has repeatedly emphasized that "the due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (*Gurevitch v Goodman,* 269 AD2d 355, 355 [2000]; *see County of Nassau v Letosky,* 34 AD3d 414, 415 [2006]; *O'Connell v Post,* 27 AD3d 630, 631 [2006]; *Lemberger v Khan,* 18 AD3d 447 [2005]; *see generally Estate of Waterman v Jones,* 46 AD3d 63 [2007]). What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality (*see Estate of Waterman v Jones,* 46 AD3d at 66).

The process server's three attempts to personally deliver the

summons and verified complaint to the defendant at her home, which, unbeknownst to the process server, adjoined her place of business, did not constitute due diligence. The process server failed to make "genuine inquiries about the defendant's whereabouts and place of employment" (*Estate of Waterman v Jones,* 46 AD3d 63, 66 [2007]; *see Sanders v Elie,* 29 AD3d 773, 774 [2006]; *Kurlander v A Big Stam, Corp.,* 267 AD2d 209, 210 [1999]). Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.