■ DAVID SERRARO et al., Respondents, v NICHOLAS STAROPOLI et al., Appellants. [943 NYS2d 201]—

In an action to recover damages for personal injuries, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 22, 2010, as granted those branches of their motion which were, in effect, to vacate a default judgment of the same court entered March 24, 2008, upon their failure to

appear or answer the complaint, in favor of the plaintiffs and against them in the principal sum of $57,140.68, and to dismiss the complaint for lack of personal jurisdiction only to the extent of directing a hearing to determine the validity of service of process upon them, (2) from an order of the same court (Friedman, J.), dated April 15, 2011, which, after the hearing, and upon a decision dated March 15, 2011, denied those branches of the motion, and (3) from an order of the same court (Lefkowitz, J.), dated July 27, 2011, which denied their motion, in effect, for leave to reargue and resettle the order dated April 15, 2011, and to vacate the underlying decision dated March 15, 2011.

Ordered that the appeals from the orders dated November 22, 2010, and July 27, 2011, are dismissed; and it is further,

Ordered that the order dated April 15, 2011, is reversed, on the law, and those branches of the defendants' motion which were, in effect, to vacate a default judgment entered March 24, 2008, upon their failure to appear or answer the complaint, in favor of the plaintiffs and against them in the principal sum of $57,140.68, and to dismiss the complaint for lack of personal jurisdiction are granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order dated November 22, 2010, must be dismissed, as no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (*see Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 765, 766 [2009]; *Akerman v Akerman*, 53 AD3d 633 [2008]; *D'Agnese v Spinelli*, 308 AD2d 561, 562 [2003]), and we decline to grant leave to appeal.

The Supreme Court erred in finding that service of process upon the defendants was valid. Pursuant to CPLR 308 (4), service of process may be made "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode" only where the alternate methods of personal service provided for in CPLR 308 (1) or (2) "cannot be made with due diligence" (CPLR 308 [4]). The requirement of due diligence must be strictly observed because "there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308 (4)" (*Kaszovitz v Weiszman*, 110 AD2d 117, 120 [1985]; *see McSorley v Spear*, 50 AD3d 652, 653-654 [2008]; *County of Nassau v Letosky*, 34 AD3d 414, 415 [2006]). "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality" (*McSorley v Spear*, 50 AD3d at 653, citing *Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007]).

Here, the process server attempted to personally deliver a summons and complaint to each defendant at their shared home on four different weekdays: March 6, 2007, at 8:00 A.M., March 21, 2007, at 6:50 P.M., April 4, 2007, at 5:10 P.M., and April 5, 2007, at 4:05 P.M. After all four attempts proved unsuccessful, the process server affixed a copy of each summons and complaint to the front door of the defendants' shared home and mailed a copy to that same address (*see* CPLR 308 [4]).

"For the purpose of satisfying the 'due diligence' requirement of CPLR 308 (4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment" (*Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007]; *see McSorley v Spear*, 50 AD3d at 654; *cf. Krisilas v Mount Sinai Hosp.*, 63 AD3d 887, 889 [2009]). Here, the process server did not make any inquiries about the defendants' work schedules or their respective business addresses. He simply reviewed the residential address on each summons and complaint, and made four attempts at personal service at that address. The plaintiffs knew that the defendant Nicholas Staropoli owned and operated a service station less than a mile from the parties' neighboring homes, but inexplicably, the process server was unaware of this and he never attempted to personally deliver a summons and complaint at that location. Furthermore, each of the process server's attempts at personal service "[was] made on weekdays during hours when it reasonably could have been expected that [the defendants were] either working or in transit to work" (*County of Nassau v Letosky*, 34 AD3d at 415; *see McSorley v Spear*, 50 AD3d at 653-654; *Estate of Waterman v Jones*, 46 AD3d at 66; *Gurevitch v Goodman*, 269 AD2d 355, 355-356 [2000]). Under these circumstances, the plaintiffs failed to establish that they exercised "due diligence" in attempting to effectuate service pursuant to CPLR 308 (1) or (2) before using the "nail and mail" method pursuant to CPLR 308 (4) (*McSorley v Spear*, 50 AD3d at 653-654; *see Estate of Waterman v Jones*, 46 AD3d at 66; *County of Nassau v Letosky*, 34 AD3d at 415; *Sanders v Elie*, 29 AD3d 773, 774 [2006]; *O'Connell v Post*, 27 AD3d 630, 631 [2006]; *Gurevitch v Goodman*, 269 AD2d at 355-356; *Moran v Harting*, 212 AD2d 517, 518 [1995]; *cf. Krisilas v Mount Sinai Hosp.*, 63 AD3d at 889; *Koyenov v Twin-D Transp., Inc.*, 33 AD3d 967, 969 [2006]; *Johnson v Waters*, 291 AD2d 481 [2002]). Accordingly, those branches of the defendants' motion which were, in effect, to vacate a default judgment upon their failure to appear or answer the complaint, in favor of the plaintiffs and against them in the principal sum of $57,140.68, and to dismiss the complaint for lack of personal jurisdiction should have been granted.

In light of the foregoing, the appeal from so much of the order dated July 27, 2011, as denied the branches of the defendants' motion which were to resettle the order dated April 15, 2011, and to set aside the underlying decision dated March 15, 2011, must be dismissed as academic. Moreover, the appeal from so much of that same order as denied that branch of the defendants' motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Brown Bark II, L.P. v Weiss & Mahoney, Inc.*, 90 AD3d 963 [2011]; *DeFrancesco v Iraci*, 240 AD2d 533, 534 [1997]; *Green Point Sav. Bank v Dockery*, 238 AD2d 310 [1997]; *Paulus v Kuchler*, 214 AD2d 608, 609 [1995]). Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.