Faruk v Dawn (2018 NY Slip Op 04307)





Faruk v Dawn


2018 NY Slip Op 04307


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10930
 (Index No. 508084/14)

[*1]Mohammad Omar Faruk, respondent,
v
Thompson Dawn, appellant.


Mitchell J. Studley (Thomas Torto, New York, NY [Jason Levine], of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 21, 2016. The order, insofar as appealed from, denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction is granted.
On September 4, 2011, the plaintiff and the defendant were allegedly involved in a motor vehicle accident at the intersection of Clifton Place and Nostrand Avenue in Brooklyn. On September 3, 2014, the plaintiff commenced this action by filing a summons and verified complaint. On January 2, 2015, a process server purportedly served the defendant pursuant to CPLR 308(4) by affixing a copy of the summons and complaint at the apartment complex where the defendant resided and mailing a copy to the same address. The defendant never appeared or answered. In November 2015, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The Supreme Court, inter alia, denied that branch of the defendant's cross motion which was to dismiss the complaint. The defendant appeals.
Affix and mail service pursuant to CPLR 308(4) is only valid where service under CPLR 308(1) by personal delivery or CPLR 308(2) by delivery to a person of suitable age and discretion "cannot be made with due diligence" (CPLR 308[4]; see Gray v Giannikios, 90 AD3d 836, 837; McSorley v Spear, 50 AD3d 652, 653; Estate of Waterman v Jones, 46 AD3d 63, 65). This requirement must be " strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received'" (McSorley v Spear, 50 AD3d at 653, quoting Gurevitch v Goodman, 269 AD2d 355, 355; see Estate of Waterman v Jones, 46 AD3d at 66; County of Nassau v Letosky, 34 AD3d 414, 415). Whether due diligence has been satisfied must be "determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their [*2]quality" (McSorley v Spear, 50 AD3d at 653; see Estate of Waterman v Jones, 46 AD3d at 66). Specifically, "it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment" (Estate of Waterman v Jones, 46 AD3d at 66; see Serraro v Staropoli, 94 AD3d 1083, 1085; McSorley v Spear, 50 AD3d at 654).
Here, the submissions in support of the plaintiff's motion contained numerous inconsistent dates regarding when service was attempted and made upon the defendant. Even accepting the dates of attempted service claimed by the plaintiff, those attempts were "made on weekdays during hours when it reasonably could have been expected that [the defendant] was either working or in transit to work" (County of Nassau v Letosky, 34 AD3d at 415; see Serraro v Staropoli, 94 AD3d at 1085; McSorley v Spear, 50 AD3d at 653-654; Estate of Waterman v Jones, 46 AD3d at 66; County of Nassau v Long, 35 AD3d 787, 787-788; Gurevitch v Goodman, 269 AD2d at 355-356). Moreover, there is no indication that the process server made any attempt to locate the defendant's place of employment so he could attempt to effectuate service there (see Serraro v Staropoli, 94 AD3d at 1085; McSorley v Spear, 50 AD3d at 654; Estate of Waterman v Jones, 46 AD3d at 66; County of Nassau v Long, 35 AD3d at 788). Under these circumstances, the plaintiff failed to establish that he exercised due diligence in attempting to effectuate service pursuant to CPLR 308(1) or (2) before resorting to service pursuant to CPLR 308(4) (see Serraro v Staropoli, 94 AD3d at 1085; McSorley v Spear, 50 AD3d at 654; Estate of Waterman v Jones, 46 AD3d at 66; County of Nassau v Long, 35 AD3d at 788; Gurevitch v Goodman, 269 AD2d at 355-356).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court