Coley v Gonzalez (2019 NY Slip Op 02311)





Coley v Gonzalez


2019 NY Slip Op 02311


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2018-00166
 (Index No. 505028/13)

[*1]Antoinette Coley, appellant, 
v
Alexander Gonzalez, et al., respondents.


Goldstein & Handwerker (Jason Levine, New York, NY, of counsel), for appellant.
Bruce Montague, Bayside, NY (Craig I. Gardy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated November 1, 2017. The order, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate a judgment entered July 25, 2016, upon their default, and, thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants did not interpose answers to the complaint, and the plaintiff's motion for leave to enter a default judgment was granted. After an inquest, the plaintiff was awarded a judgment entered July 25, 2016. Thereafter, the defendants moved, inter alia, pursuant to CPLR 5015(a)(4), among other things, to vacate the default judgment and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiff appeals, and we affirm.
Resorting to the "affix and mail" method of personal service pursuant to CPLR 308(4) is only proper where the alternate methods of personal service provided for in CPLR 308(1) or (2) cannot be made with "due diligence" (CPLR 308[4]). "The requirement of due diligence must be strictly observed because there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308(4)'" (Serraro v Staropoli, 94 AD3d 1083, 1084, quoting Kaszovitz v Weiszman, 110 AD2d 117, 120; see McSorley v Spear, 50 AD3d 652, 653-654). "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality" (McSorley v Spear, 50 AD3d at 653; see Serraro v Staropoli, 94 AD3d at 1084; Estate of Waterman v Jones, 46 AD3d 63, 66).
Here, the process server's prior attempts at personal delivery at the defendants' residence occurred on weekdays during hours when it reasonably could have been expected that the defendants were either working or in transit from work (see Serraro v Staropoli, 94 AD3d at 1084; McSorley v Spear, 50 AD3d at 653-654). Moreover, there is no evidence that the process server made any genuine inquiries about the defendants' whereabouts and place of employment (see [*2]Serraro v Staropoli, 94 AD3d at 1085; McSorley v Spear, 50 AD3d at 654; Estate of Waterman v Jones, 46 AD3d at 66). Under these circumstances, the plaintiff failed to establish due diligence in attempting to effectuate service pursuant to CPLR 308(1) or (2) before resorting to the "affix and mail" method pursuant to CPLR 308(4).
Accordingly, we agree with the Supreme Court's determination, inter alia, to grant that branch of the defendants' motion which was to vacate the default judgment, and thereupon, to dismiss the complaint (see 2004 McDonald Ave. Corp. v KGYM Holdings Group, Inc., 165 AD3d 614, 616).
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court