Matter of Ferrera v Serrano (2020 NY Slip Op 07567)





Matter of Ferrera v Serrano


2020 NY Slip Op 07567


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-04326 
2020-04327
 (Docket No. V-6549-19)

[*1]In the Matter of Marvin Golman Gutierrez Ferrera, appellant, 
v
Glenda A. Benitez Serrano, respondent.


Bruno Joseph Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated February 14, 2020, and (2) an order of the same court also dated February 14, 2020. The first order, after a hearing, dismissed the petition without prejudice. The second order denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are affirmed, without costs or disbursements.
The father filed a petition for custody of the subject child for the purpose of obtaining an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the father moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS.
Along with the petition, the father submitted affidavits of service attesting that, after three unsuccessful attempts to serve the mother at a residence in Honduras, the "affix and mail" method of service was utilized (see CPLR 308[4]). However, since the process server had not attested to any efforts he had made to verify that the address at which service was attempted was, in fact, the mother's residence, the Family Court twice adjourned the matter to allow the father time to verify the mother's address. As of the final adjourned date, the father had not submitted any further information or an updated affidavit of service. The court therefore dismissed the petition without prejudice. The court further denied the father's motion for the issuance of an order, inter alia, making the requested specific findings so as to enable the child to petition for SIJS.
If service cannot be effected, with due diligence, pursuant to CPLR 308(1) or (2), a party may serve process by affixing the summons and petition to the door of the recipient's "actual place of business, dwelling place or usual place of abode," and by mailing them either to the last known residence or actual place of business (CPLR 308[4]; see also Domestic Relations Law § 75-g; CPLR 313). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (Gurevitch v Goodman, 269 AD2d 355, 355; see McSorley v Spear, 50 AD3d 652, 653).
Here, where the father listed the mother's address as "unknown" on the petition and testified at a hearing that he had no information about the mother's whereabouts since the parties had separated 13 or 14 years earlier, the process server's three attempts to serve process at an address in Honduras, without attesting to any efforts to verify that this was the mother's address, did not constitute due diligence (see Holbeck v Sosa-Berrios, 161 AD3d 957, 958; McSorley v Spear, 50 AD3d at 653). Accordingly, we agree with the Family Court's determination dismissing the petition without prejudice.
Furthermore, we agree with the Family Court's determination denying the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS, since, in light of the dismissal of the custody petition, it could not be shown that the child was dependent upon the Family Court (see 8 USC § 1101[a][27][J][i]; 8 CFR 204.11; Matter of Hei Ting C., 109 AD3d 100, 104).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court