Teachers Fed. Credit Union v Azizi (2020 NY Slip Op 51513(U))

[*1]

Teachers Fed. Credit Union v Azizi

2020 NY Slip Op 51513(U) [70 Misc 3d 129(A)]

Decided on December 17, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 17, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-772 S C

Teachers Federal Credit Union, Respondent,
against
Masouda Azizi, Appellant. 

The Law Office of Gregory A. Goodman, P.C. (Gregory A. Goodman of counsel), for appellant.
Rubin & Rothman, LLC, for respondent (no brief filed).

Appeal from orders of the District Court of Suffolk County, Fourth District (C. Stephen
Hackeling, J.), dated February 5, 2019 and April 9, 2019, respectively. The order dated February
5, 2019 denied defendant's motion to vacate a judgment of that court, entered June 16, 2010 upon
defendant's failure to appear or answer the complaint, and, upon such vacatur, to dismiss the
complaint. The order dated April 9, 2019, insofar as appealed from, upon, in effect, reargument,
adhered to the prior determination in the February 5, 2019 order.

ORDERED that the appeal from the order dated February 5, 2019 is dismissed, as that order
was superseded by the order dated April 9, 2019, made upon reargument; and it is further,
ORDERED that the order dated April 9, 2019, insofar as appealed from, is reversed, without
costs, and, upon, in effect, reargument, defendant's motion to vacate the judgment entered June
16, 2010 and, upon such vacatur, to dismiss the complaint is granted.
Plaintiff commenced this action to recover the principal sum of $10,680.39 for breach of a
Loan and Security Agreement. The affidavit of service states that service was effectuated
pursuant to CPLR 308 (4). Defendant failed to appear or answer the complaint, and, on June 16,
2010, a default judgment was entered against defendant in the principal sum of $10,680.39.
On January 8, 2019, defendant moved to vacate the judgment and to dismiss the [*2]complaint alleging, in effect, that she had not been served. By order
dated February 5, 2019, the District Court denied the motion. On March 5, 2019, defendant
moved, insofar as is relevant to this appeal, for leave to reargue her prior motion to vacate the
default judgment. By order dated April 9, 2019, the District Court, upon, in effect, reargument,
adhered to its prior determination.
The affidavit of service in this case fell short of establishing the required due diligence in
attempting to effectuate service pursuant to CPLR 308 (1) or (2) before resorting to "nail and
mail" service pursuant to CPLR 308 (4) (see Greene Major Holdings, LLC v Trailside at
Hunter, LLC, 148 AD3d 1317, 1321 [2017]). The affidavit alleged that the process server
attempted to deliver the summons and complaint to defendant's residence at 1:11 p.m. and 5:15
p.m. on April 12, 2010, a Monday, and at 9:45 a.m. on April 13, 2010, a Tuesday, before affixing
a copy of the summons and complaint to defendant's door and mailing a copy to the same
address. Each of these attempts at personal service "[was] made on weekdays during hours when
it reasonably could have been expected that [defendant was] either working or in transit to [or
from] work" (County of Nassau v Letosky, 34 AD3d 414, 415 [2006]; see Serraro v
Staropoli, 94 AD3d 1083, 1085 [2012]). Moreover, there is no indication that the process
server made any inquiries about defendant's whereabouts, business address, or work schedule, if
any (see Serraro v Staropoli, 94 AD3d at 1085).
As the attempted service of the summons and complaint pursuant to CPLR 308 (4) was
defective as a matter of law (see Gurevitch v Goodman, 269 AD2d 355, 356 [2000]), the
District Court did not acquire personal jurisdiction over defendant, and the default judgment
entered against her was a nullity (see Fleisher v Kaba, 78 AD3d 1118, 1120 [2010];
Steele v Hempstead Pub Taxi, 305 AD2d 401, 402 [2003]). Consequently, defendant's
motion to vacate the judgment entered upon her default and to dismiss the complaint on the
ground of lack of personal jurisdiction should have been granted (see Prudence v Wright,
94 AD3d 1073, 1074 [2012]).
Accordingly, the order dated April 9, 2019, insofar as appealed from and, upon, in effect,
reargument, is reversed, and defendant's motion to vacate the judgment entered June 16, 2010,
and, upon such vacatur, to dismiss the complaint is granted.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 17, 2020