Prego v Bartkowski (2023 NY Slip Op 02337)

Prego v Bartkowski

2023 NY Slip Op 02337

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-02617
 (Index No. 623041/18)

[*1]Angelo Prego, appellant,
v
Matthew Bartkowski, respondent.

The Celestin Firm, PLLC, New York, NY (Scottie Celestin of counsel), for appellant.
Gentile & Tambasco, Melville, NY (Patricia McDonagh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated February 25, 2021. The order denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured on December 6, 2015, while a passenger in a vehicle driven by a nonparty, when that vehicle was struck in the rear by a vehicle driven by the defendant. The plaintiff filed a summons and complaint on November 26, 2018. The complaint identified the defendant as a resident of Nassau County, and provided an alleged address for the defendant in Farmingdale (hereinafter the Farmingdale address). According to the process server's affidavit, service of the summons and complaint upon the defendant at an apartment in Brooklyn (hereinafter the Brooklyn address) was attempted on four occasions on weekdays, before the process server affixed the summons and complaint to the door at the Brooklyn address on January 21, 2019, and mailed it to that address. The affidavit identifies the Brooklyn address as a "residence," but does not recite any efforts to confirm or to ascertain the defendant's actual place of business, dwelling place, or usual place of abode.
On October 13, 2020, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment. The plaintiff submitted the process server's affidavit of service in support of the motion. The defendant opposed the plaintiff's motion, and cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The defendant submitted an affidavit in which he denied having been served with the summons and complaint. He stated that at the time of the accident, he lived at the Farmingdale address. According to the defendant, at the time of attempted service upon him he was living in Maspeth. He further claimed he had not resided at the Brooklyn address since prior to the subject accident in 2015. The Supreme Court denied the plaintiff's motion for leave to enter a default judgment and granted that branch of the defendant's cross-motion which was to dismiss the complaint based upon lack of personal jurisdiction. The plaintiff appeals.
As an initial matter, the plaintiff's contention that the process server first tried to serve the defendant at the Farmingdale address is improperly raised for the first time on appeal and refers to matter dehors the record, and his contention that the defendant is attempting to evade [*2]service is improperly raised for the first time on appeal, and therefore these contentions are not properly before this Court (see Ottey v Maya Assur. Co., 205 AD3d 1043, 1045; see generally New York City Economic Dev. Corp. v GCC, LLC, 209 AD3d 661, 663; Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1031).
Service pursuant to CPLR 308(4) may be used only where service pursuant to CPLR 308(1) or (2) cannot be made with "due diligence" (CPLR 308[4]; see Estate of Waterman v Jones, 46 AD3d 63, 65). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (Gurevitch v Goodman, 269 AD2d 355, 355; see Matter of Ferrera v Serrano, 189 AD3d 1230, 1231).
Here, the plaintiff failed to demonstrate that the process server acted with due diligence before relying on affix and mail service pursuant to CPLR 308(4) (see Faruk v Dawn, 162 AD3d 744, 745; Prudence v Wright, 94 AD3d 1073, 1074). In particular, the process server did not establish through the affidavit that the defendant could reasonably be expected to be at the Brooklyn address at the times of attempted service, that it was the defendant's residence or usual place of abode, or that the process server attempted service at the defendant's place of employment (see Matter of Ferrera v Serrano, 189 AD3d at 1231; Faruk v Dawn, 162 AD3d at 745; Prudence v Wright, 94 AD3d at 1074). Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment, and properly granted that branch of the defendant's cross-motion which was to dismiss the complaint for lack of personal jurisdiction (see Faruk v Dawn, 162 AD3d at 745-746).
The plaintiff's remaining contention is academic in light of the foregoing, and in any event is without merit (see CPLR 3215[f]; First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court