Bank of Am., N.A. v Fischer (2023 NY Slip Op 05112)

Bank of Am., N.A. v Fischer

2023 NY Slip Op 05112

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-06225
2022-06629
 (Index No. 623757/17)

[*1]Bank of America, N.A., respondent,
v
William Fischer, etc., appellant, et al., defendants.

Justin F. Pane, P.C., Bohemia, NY (Daniel G. Eugene of counsel), for appellant.
Davidson Fink, LLP, Rochester, NY (Todd Z. Marks of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant William Fischer appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated June 23, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered July 15, 2022. The order, inter alia, denied that defendant's cross-motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered July 19, 2021, upon that defendant's default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The order and judgment of foreclosure and sale entered July 15, 2022, insofar as appealed from, also denied that defendant's cross-motion and, upon granting that branch of the plaintiff's motion which was to vacate the judgment of foreclosure and sale entered July 19, 2021, granted that branch of the plaintiff's motion which was for the entry of a new judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal from the order dated June 23, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, that branch of the cross-motion of the defendant William Fischer which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered July 19, 2021, is denied as academic, that branch of that defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is granted, that branch of the plaintiff's motion which was for the entry of a new judgment of foreclosure and sale is denied, and the order dated June 23, 2022, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant William Fischer.
The appeal from the order dated June 23, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale entered July 15, 2022 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and [*2]judgment of foreclosure and sale (see CPLR 5501[a][1]).
In December 2017, the plaintiff commenced this action to foreclose a mortgage on certain residential property located in Lindenhurst against, among others, the defendant William Fischer (hereinafter the defendant). The defendant failed to appear or answer the complaint. In an order dated January 28, 2019, the Supreme Court granted the plaintiff's motion for a default judgment and an order of reference. On July 19, 2021, the court entered a judgment of foreclosure and sale upon the defendant's default in appearing or answering the complaint. In December 2021, the plaintiff moved to vacate the judgment of foreclosure and sale on the ground that it was entered during the residential foreclosure moratorium enacted during the COVID-19 pandemic, and for the entry of a new judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered upon his default and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated June 23, 2022, the court, inter alia, denied the defendant's cross-motion. In an order and judgment of foreclosure and sale entered July 15, 2022, the court, among other things, upon granting that branch of the plaintiff's motion which was to vacate the prior judgment of foreclosure and sale entered July 19, 2021, granted that branch of the plaintiff's motion which was for a new judgment of foreclosure and sale, and directed the sale of the subject property. The defendant appeals.
"Service of process must be made in strict compliance with [the] statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (Estate of Waterman v Jones, 46 AD3d 63, 65, quoting Macchia v Russo, 67 NY2d 592, 594). Here, the plaintiff purportedly served the defendant by the "affix and mail" method pursuant to CPLR 308(4). Service pursuant to CPLR 308(4) may be used only where service pursuant to CPLR 308(1) or (2) cannot be made with "due diligence" (id. § 308[4]; see Estate of Waterman v Jones, 46 AD3d at 65). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (Matter of Ferrera v Serrano, 189 AD3d 1230, 1231 [internal quotation marks omitted]; see McSorley v Spear, 50 AD3d 652, 653).
Here, according to his affidavit of service, the process server made prior attempts at personal delivery of the summons and complaint at the defendant's residence at different times of the day between Thursday, December 21, 2017, and Friday, December 29, 2017. Although one of those times was on December 23, 2017, a Saturday, the attempts at service occurred at the height of the holiday season, when the defendant may have had reasons not to be home (see Bank of America, N.A. v Camacho, 2023 NY Slip Op 31860[U] [Sup Ct, Kings County]). The process server noted that holiday lights were on in the windows of the residence on December 23, 2017, and that both floors of the residence were illuminated on December 26, 2017. Nevertheless, considering the holiday season, the process server's observations were not a sufficient basis to believe that the defendant was evading service. Moreover, the process server stated that he was "unable" to speak to a neighbor regarding the defendant's whereabouts.
In addition, in the year prior to the commencement of this action, the defendant was granted a loan modification, and as part of his application for a loan modification, the defendant was required to and did, in fact, disclose his employer and address of employment to the plaintiff. No attempts were made to serve the defendant at his place of employment. Under the totality of the circumstances, the plaintiff failed to demonstrate that the process server acted with due diligence before resorting to affix and mail service pursuant to CPLR 308(4) (see Coley v Gonzalez, 170 AD3d 1107, 1108-1109; Faruk v Dawn, 162 AD3d 744, 746; Serraro v Staropoli, 94 AD3d 1083, 1085; Leviton v Unger, 56 AD3d 731, 732; McSorley v Spear, 50 AD3d 652, 653-654; County of Nassau v Yohannan, 34 AD3d 620, 621).
Accordingly, the Supreme Court should have granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and denied that branch of the plaintiff's motion which was for the entry of a new judgment of foreclosure and sale. Since the court granted that branch of the plaintiff's motion which was to vacate the prior judgment of foreclosure and sale entered July [*3]15, 2022, that branch of the defendant's cross-motion which was pursuant to CPLR 5015(a)(4) to vacate the prior judgment of foreclosure and sale is denied as academic.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court