Ramirez v Escobar (2024 NY Slip Op 03193)

Ramirez v Escobar

2024 NY Slip Op 03193

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-06176
 (Index No. 608416/21)

[*1]Anthony Ramirez, appellant,
v
Patricia Escobar, defendant.

Donald Leo & Associates, P.C., Islandia, NY (John F. Clennan of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated July 15, 2022. The order denied the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant did not appear or interpose an answer to the complaint. The plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment. In an order dated July 15, 2022, the Supreme Court denied the plaintiff's unopposed motion. The plaintiff appeals.
A plaintiff moving for leave to enter a default judgment must file proof of proper service of the summons and the complaint, the defendant's default, and the facts constituting the claim (see CPLR 3215[f]; Fried v Jacob Holding, Inc., 110 AD3d 56, 59).
Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where service under CPLR 308(1) or (2) cannot be made with "due diligence" (id. § 308[4]; see Feinstein v Bergner, 48 NY2d 234, 238-239; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884). "The requirement of due diligence must be strictly observed because 'there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308(4)'" (Serraro v Staropoli, 94 AD3d 1083, 1084, quoting Kaszovitz v Weiszman, 110 AD2d 117, 120; see Coley v Gonzalez, 170 AD3d 1107, 1108; McSorley v Spear, 50 AD3d 652, 653-654). Since CPLR 308(4) does not define "due diligence," it has been interpreted and applied on a case-by-case basis (see Barnes v City of New York, 51 NY2d 906, 907). The due diligence requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Estate of Waterman v Jones, 46 AD3d 63, 66; see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1048).
Here, the process server's prior attempts at personal delivery at the defendant's residence occurred on weekdays during hours when it reasonably could have been expected that the [*2]defendant was either working or in transit to work (see Coley v Gonzalez, 170 AD3d at 1108-1109; Serraro v Staropoli, 94 AD3d at 1084; McSorley v Spear, 50 AD3d at 653-654). No attempt at service was made on any late weekday evening or weekend (cf. Wilmington Trust Co. v Gewirtz, 193 AD3d 1110; County of Nassau v Gallagher, 43 AD3d 972, 973). Moreover, contrary to the plaintiff's contention, there is no evidence that the process server made any genuine inquiries about the defendant's whereabouts and place of employment (see Coley v Gonzalez, 170 AD3d at 1108; Serraro v Staropoli, 94 AD3d at 1085; McSorley v Spear, 50 AD3d at 654). Under these circumstances, the plaintiff failed to establish due diligence in attempting to effectuate service pursuant to CPLR 308(1) or (2) before resorting to the affix and mail method pursuant to CPLR 308(4).
Accordingly, the Supreme Court properly denied the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment (see Global Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC., 153 AD3d 606).
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court