Sams Distribs., LLC v Friedman (2025 NY Slip Op 01124)

Sams Distribs., LLC v Friedman

2025 NY Slip Op 01124

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-00829
 (Index No. 30232/20)

[*1]Sams Distributions, LLC, respondent, 
v
Abraham Friedman, appellant.

Berkovich & Bouskila, PLLC, Pomona, NY (Ariel Bouskila and Hodgson Russ LLP [James J. Zawodzinski, Jr.], of counsel), for appellant.

DECISION & ORDER
In an action to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated January 19, 2023. The order denied the defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of the same court dated April 12, 2020, entered upon his failure to appear or answer the complaint, and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 5015(a) to vacate the judgment and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction is granted.
In August 2017, the defendant executed a note in favor of the plaintiff for a loan in the sum of $45,000. Following the defendant's alleged default on the note, the plaintiff commenced this action to recover on the note. After the defendant failed to appear or answer the complaint, the Supreme Court issued a default judgment dated April 12, 2020, in favor of the plaintiff and against the defendant in the total sum of $58,694.19. Thereafter, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment and thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In an order dated January 19, 2023, the court denied the motion. The defendant appeals.
"Pursuant to CPLR 5015(a)(4), '[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order'" (115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642 [internal quotation marks omitted]). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (id. [internal quotation marks omitted]; see Matter of Rockman v Nassau County Sheriff's Dept., 224 AD3d 758, 759). "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 642 [internal quotation marks omitted]; see Handler v Whelan, 226 AD3d 880, 882).
"CPLR 308 requires that service be attempted by personal delivery of the summons 'to the person to be served,' or by delivery 'to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode'" (Niebling v Pioreck, 222 AD3d 873, 874-875 [citation and internal quotation marks omitted]; see CPLR 308[1], [2]). "Service pursuant to [*2]CPLR 308(4) may be used only where service under CPLR 308(1) or (2) cannot be made with due diligence" (Niebling v Pioreck, 222 AD3d at 875 [internal quotation marks omitted]; see Bank of Am., N.A. v Fischer, 220 AD3d 722, 724). "For the purpose of satisfying the 'due diligence' requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment" (Niebling v Pioreck, 222 AD3d at 875 [internal quotation marks omitted]; see Coley v Gonzalez, 170 AD3d 1107, 1108).
Here, the plaintiff failed to demonstrate that the process server acted with due diligence before relying on affix and mail service pursuant to CPLR 308(4) (see Niebling v Pioreck, 222 AD3D at 875; Faruk v Dawn, 162 AD3d 744, 746). The process server resorted to service pursuant to CPLR 308(4) after twice attempting personal service at the defendant's residence and once attempting service where the process server stated the defendant's residence could not be accessed due to an "impassable road." Also, there was no evidence that the process server made any genuine inquiries about the defendant's whereabouts and place of business (see Niebling v Pioreck, 222 AD3d at 875). Additionally, the process server's attempts at personal delivery occurred on weekdays during hours when it reasonably could have been expected that the defendant was either working or in transit from work (see Coley v Gonzalez, 170 AD3d at 1108; Faruk v Dawn, 162 AD3d at 746).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 5015(a) to vacate the judgment and, thereupon, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court