Bank of N.Y. Mellon v DeFilippo (2025 NY Slip Op 05933)

Bank of N.Y. Mellon v DeFilippo

2025 NY Slip Op 05933

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-04047
 (Index No. 6628/08)

[*1]Bank of New York Mellon, etc., respondent,
v
David DeFilippo, appellant, et al., defendants.

Lester Korinman Kamran & Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Dana B. Briganti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant David DeFilippo appeals from an order of the Supreme Court, Kings County (Jeffrey A. Goodstein, J.), entered April 17, 2024. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Thomas A. Adams, J.) entered April 30, 2010, and an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered February 4, 2020, both entered upon his default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order entered April 17, 2024, is reversed, on the law, with costs, those branches of motion of the defendant David DeFilippo which were pursuant to CPLR 5015(a)(4) to vacate the order entered April 30, 2010, and the order and judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction are granted, the order entered April 30, 2010, and the order and judgment of foreclosure and sale are vacated, and the remaining branches of the motion are denied as academic.
In August 2005, the defendant David DeFilippo (hereinafter the defendant) executed a note that was secured by a mortgage on certain real property located in Long Beach. In April 2008, the plaintiff commenced this foreclosure action against the defendant, among others. Although allegedly served with the summons and complaint pursuant to CPLR 308(4), the defendant failed to appear or answer the complaint.
In November 2008, the plaintiff moved, inter alia, for an order of reference. In an order entered April 30, 2010 (hereinafter the order of reference), the Supreme Court granted the plaintiff's motion. In November 2019, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. An order and judgment of foreclosure and sale was entered on February 4, 2020.
In October 2023, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) to vacate the order of reference and the order and judgment of foreclosure and sale and [*2]pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order entered April 17, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (HSBC Bank USA, N.A. v Cupid, 210 AD3d 874, 875-876 [internal quotation marks omitted]; see Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1504). "Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) cannot be made with due diligence" (Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866, 868-869 [internal quotation marks omitted]). "The term due diligence is not defined by statute, and is interpreted on a case-by-case basis" (Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 858 [internal quotation marks omitted]; see Bank of Am., N.A. v Rolf, 188 AD3d 770, 772). To satisfy the "due diligence" requirement, the plaintiff must demonstrate that the process server made genuine inquiries about the defendant's whereabouts and place of employment (see Niebling v Pioreck, 222 AD3d 873, 875). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Creswell Invs., Ltd. v Brazil+Q1 Ltd., 234 AD3d 667, 668, citing Niebling v Pioreck, 222 AD3d at 874).
Here, the process server's prior attempts at service did not demonstrate due diligence. Two out of three of the process server's prior attempts at personal delivery at the defendant's residence occurred during weekday hours when it could reasonably have been expected that the defendant was either working or in transit to or from work. The prior attempts were made on Thursday, April 17, 2008, at 6:15 p.m.; on Saturday, April 19, 2008, at 1:30 p.m.; and on Monday, April 21, 2008, at 8:20 a.m. The Saturday attempt occurred at a time when the defendant may have had reasons not to be home. The process server averred that a neighbor confirmed that the defendant resided at that address, but gave a negative reply when asked if the neighbor was aware of the defendant's normal routine and place of business. Attached to the affidavit of service were the results of a "people at work" search, which revealed a company address for the defendant. Yet the process server made no inquiries about the defendant at that address before resorting to affix and mail service. Under the circumstances, the plaintiff failed to act with due diligence before relying on affix and mail service pursuant to CPLR 308(4) (see Bank of Am., N.A. v Fischer, 220 AD3d 722, 725; Coley v Gonzalez, 170 AD3d 1107, 1108).
Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see Niebling v Pioreck, 222 AD3d at 874; Coley v Gonzalez, 170 AD3d at 1108-1109).
The defendant's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court