Eze v Mangal
2026 NY Slip Op 03778
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Chidi Eze, appellant,
v
Yovendra Mangal, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-05191, (Index No. 521409/19)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Chidi Eze, Brooklyn, NY, appellant pro se.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Heela D. Capell, J.), dated February 29, 2024. The order, insofar as appealed from, denied the plaintiff's unopposed motion for leave to enter a default judgment against the defendants Jai Somwaru, J & JT Holding Corp., and Pradeep Lakhanlall.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2019, the plaintiff commenced this action, inter alia, to recover damages for fraud and breach of fiduciary duty against, among others, the defendants Jai Somwaru, J & JT Holding Corp. (hereinafter J & JT), and Pradeep Lakhanlall. The complaint alleges that Somwaru, acting as attorney-in-fact for Lakhanlall, entered into an agreement with the plaintiff whereby the plaintiff would perform certain legal work involving the foreclosure of a mortgage on property owned by J & JT. According to the plaintiff, the agreement provided that the plaintiff would be paid the amount of $110,000 for the work and that amount would be held in escrow until the successful completion of the work. The complaint asserts that after working on the legal matter for several years, the plaintiff was informed that no funds were being held in escrow for his fee.
In 2022, the plaintiff moved for leave to enter a default judgment against Somwaru, J & JT, and Lakhanlall upon their failure to appear or answer the complaint. In an order dated February 29, 2024, the Supreme Court, among other things, denied the plaintiff's unopposed motion. The plaintiff appeals.
Pursuant to CPLR 3215(f), "[o]n any application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . , and proof of the facts constituting the claim, the default and the amount due" (see Curra v Brunswick Hosp. Ctr., Inc., 161 AD3d 1042, 1043). Here, the plaintiff failed to establish proof of proper service with respect to Lakhanlall. "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (LaSalle Bank N.A. v Calle, 153 AD3d 801, 802 [internal quotation marks omitted]). "Service pursuant to CPLR 308(4) may be used only where service under CPLR 308(1) or (2) cannot be made with due diligence" (Niebling v Pioreck, 222 AD3d 873, 875 [internal quotation marks omitted]). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that [*2]a summons served pursuant to that section will be received" (Prego v Bartkowski, 216 AD3d 679, 681 [internal quotation marks omitted]). "For the purpose of satisfying the 'due diligence' requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment" (Niebling v Pioreck, 222 AD3d at 875 [internal quotation marks omitted]; see Coley v Gonzalez, 170 AD3d 1107, 1108). The process server's affidavit stated that he attempted to serve Lakhanlall personally on December 3, 2019, a Tuesday, at 8:15 p.m. and on December 5, 2019, a Thursday, at 8:00 a.m., which was insufficient to satisfy the due diligence requirement (see Sams Distribs., LLC v Friedman, 235 AD3d 1021, 1023; Niebling v Pioreck, 222 AD3d at 875). "[T]here was no evidence that the process server made any genuine inquiries about the defendant's whereabouts and place of business" (Sams Distribs., LLC v Friedman, 235 AD3d at 1023; see Prego v Bartkowski, 216 AD3d at 681).
The plaintiff failed to establish his entitlement to a default judgment against Somwaru and J & JT because he did not set forth sufficient proof in the verified complaint or in his moving papers that would "enable a court to determine that a viable cause of action exists" against those defendants (Pemberton v Montoya, 216 AD3d 988, 991 [internal quotation marks omitted]; see First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865).
Accordingly, the Supreme Court properly denied the plaintiff's unopposed motion for leave to enter a default judgment against Somwaru, J & JT, and Lakhanlall.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court